# Clopp *v.* Boas, Appellant.

*Contracts —Building subcontract —Counterclaim —Evidence — Book accounts—Practice, C. P.—Statement of claim.*

In an action of assumpsit brought by a subcontractor against a general contractor, to recover a balance due under a written contract for extras, the contractor admitted the balance due under the contract, but denied liability for the extras on the ground that the neglect of the subcontractor occasioned the extras, and also filed a counterclaim based on the same allegations.

Under such circumstances, where the written instrument placed the responsibility on the contractor for the doing of the work in question, and the evidence was conflicting as to the liability for a condition which occasioned the extras, it was not error to submit the case to a jury.

Where an action is brought on a book-account and the defendant does not dispute the correctness of the account, but sets up an extraneous defense, the plaintiff is not required to produce his books in court, but may offer the account as declared in the statement of claim.

Argued October 17, 1924. Appeal, No. 207, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, Dec. T., 1921, No. 927, on verdict for the plaintiff in the case of George B. Clopp v. F. J. Boas. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover balance due under contract for extra work. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the amount of $1,312.86 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and refusal to grant a new trial.

*Francis H. Bohlen, Jr.,* and with him *Saul, Ewing, Remick & Saul,* for appellant.—The court erred in permitting the plaintiff to prove his charges for work and labor performed by the production of copies of his bills: Buehler v. U. S. Fashion Plate Company, 269 Pa. 428.

*R. Sturgis Ingersoll,* and with him *Ballard, Spahr, Andrews & Madeira,* for appellee.

OPINION BY KELLER, J., December 12, 1924:

Defendant was the contractor for the erection of the Frankford Elevated Railway. Plaintiff was a subcontractor under him. His subcontract called for "the supply, field drilling, painting and erection of all railing work and attachments, galvanized iron drainage systems and attachments, steel work for attaching steel sash, U-bolts, and for the erection of steel sash which [would] be furnished by another subcontractor." Plaintiff brought this action in assumpsit to recover the balance due under the contract, and for certain extra work which he alleged had been done by the defendant's order. Defendant admitted the correctness of the contract balance and that he had ordered the plaintiff to do the work claimed as extra, but denied any liability therefor because he contended that it was occasioned by the failure of the plaintiff to perform his contract properly in the first instance. Defendant also filed a counterclaim, in excess of the admitted balance due under the contract, for work and labor which he had to do himself because of the plaintiff's failure in this respect.

The dispute arose over the steel sash which the inspector on the job ordered to be taken out, scraped of rust and painted. Each party claimed that the other was responsible for the expense attendant upon this additional work.

We are of opinion that as the subcontract specified "painting" in connection with erecting the steel work to be supplied by the plaintiff and was silent as respects his painting the steel sash, the distinction was intentional and the steel sash were to be already painted when received by the plaintiff from the other subcontractor who furnished them; and any further painting required to be done under the paragraph of the general specifications relating to "painting" was for the general contractor; at least, in the absence of testimony that notice had been brought home to the subcontractor erecting the sash, that his work was to include the painting of surfaces inaccessible after erection. The evidence was conflicting as to who was responsible for the rusted condition of the sash and was therefore for the jury. We cannot say that their verdict was against the evidence; or that the lower court abused its discretion in refusing a new trial.

Defendant was not injured by the alleged inconsistency in the charge of the court as respects the painting of the sash. As we view it, it would have been error to charge that the plaintiff was responsible for such painting.

As there was no denial of the correctness of plaintiff's bills as itemized and set forth in the plaintiff's statement, if he was entitled to recover, we do not think it was reversible error to admit the bills in evidence without producing plaintiff's cost sheets or books of account and proving them, as would have been necessary if their items or amount had been disputed. Their admission in evidence was in substantial accord with the rule laid down in Buehler v. U. S. Fashion Plate Co., 269 Pa. 428. Where an action is brought on a book account and the

defendant does not dispute the correctness of the account but sets up an extraneous defense, the plaintiff is not required to produce his books in court but may offer the account as declared on in the statement.

The assignments of error are overruled and the judgment is affirmed.